UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:

UNITED STATES OF AMERICA

      -against-

JORGE HENRIQUEZ,

            Defendant.

-----------------------------------------X

14 Cr. 230-1 (RWS)

SENTENCING
OPINION

**Sweet, D.J.**

On April 16, 2015, Jorge Henriquez ("Henriquez" or the "Defendant") pled guilty to one count of distributing and possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(b)(1)(C). For the reasons set forth below, Henriquez will be sentenced to six months in prison and three years of supervised release, with the special condition of six months of home detention, subject to the scheduled sentencing hearing on January 28, 2016. Henriquez is also required to pay a special assessment of $100.

**Prior Proceedings**

1

Henriquez was named in a one-count indictment (the "Indictment") filed in the Southern District of New York on April 4, 2014. The first and only count of the Indictment ("Count One") charges that on March 5, 2014, in the Southern District of New York and elsewhere, Henriquez distributed and possessed with intent to distribute heroin, in violation of 21 U.S.C. § 812, 841(a)(1), and 841(b)(1)(C), as well as 18 U.S.C. § 2.

The Indictment further indicates that as a result of committing the offenses charged, Henriquez shall forfeit to the United States any property constituting or derived from proceeds of the offenses and any property used or intended to be used to commit or facilitate them.

On April 16, 2015, Henriquez pled guilty as charged, pursuant to a written plea agreement. In it, the parties stipulated to the following:

a. The base offense level for the offense is 16, pursuant to §2D1.1(c)(12), because the offense involved more than 20 grams but less than 40 grams of crack. [Sic.]

2

b. Assuming the defendant, in a timely manner, clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution, and subsequent conduct prior to the imposition of sentence, a three-level reduction will be warranted, pursuant to §3E1.1(a) and (b).

c. In accordance with the above, the applicable Guidelines offense level is 13.

d. Based upon the information now available to the Government (including representations by the defense), the defendant has one criminal history point. Accordingly, the defendant's Criminal History Category is I.

e. Based upon the calculations set forth above, the defendant's stipulated guidelines range is 12 to 18 months' imprisonment. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to §5E1.2. The applicable fine range is $3,000 to $1,000,000.

He is scheduled to be sentenced on January 28, 2016.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through

3

consideration of all of the factors identified in 18 U.S.C.

§ 3553(a), including the Advisory Guidelines. Thus, the

sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

4

conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

5

After a tip from a confidential informant that Henriquez

was involved in the heroin trade, the government had the

informant contact him and attempt to set up a deal.  Henriquez

agreed to provide a large quantity of heroin, and agents

observed him drive to his apartment building, go in, return

outside, and place something in the trunk of his vehicle.  When

agents pulled Henriquez over, he consented to a search, and

agents found a plastic bag in the trunk containing 40 bundles of

heroin.  The government views Henriquez as responsible for

distributing 20-40 grams of heroin.


**The Relevant Statutory Provisions**

The maximum term of imprisonment on Count One is 20 years.

21 U.S.C. § 841(b)(1)(C).  The minimum term of supervised

release is three years and the maximum is life.  21 U.S.C. §

841(b)(1)(C).  The Defendant is eligible for between one and

five years of probation.  21 U.S.C. § 841(b)(1)(C).  The maximum

fine for Count One is $1,000,000.  21 U.S.C. § 841(b)(1)(C).  A

special assessment of $100 for each count is mandatory pursuant

to 18 U.S.C. § 3013(a)(2).


6

**The Guidelines**

The November 1, 2015 edition of the United States
Sentencing Commission Guidelines Manual has been used in this
case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The guideline for 21 U.S.C. § 841 offenses is found in
U.S.S.G. § 2D1.1. Under U.S.S.G. § 2D1.1(c)(2), distribution of
between 20 and 40 grams of heroin warrants an offense level of
16.

Defendant has clearly demonstrated acceptance of
responsibility for the offense. Accordingly, the offense level
is decreased by two. U.S.S.G. § 3E1.1(a). Defendant has also
assisted authorities in the investigation or prosecution of his
own misconduct by timely notifying authorities of his intention
to enter a plea of guilty. Accordingly, the offense level is
decreased by one additional level. U.S.S.G. § 3E1.1(b). These
adjustments result in an offense level of 13.

Henriquez has one prior criminal conviction. On February 9, 2011, he was convicted in New York County Supreme Court of criminal possession of a controlled substance in the seventh degree and sentenced to three years' probation. Pursuant to U.S.S.G. § 4A1.1(c), this offense warrants one criminal history point. A total of one criminal history point results in a criminal history category of I. See Sentencing Table, U.S.S.G. Ch. 5 Pt. A. Based on a total offense level of 13 and a criminal history category of I, the Guideline range of imprisonment is 12 to 18 months. Pursuant to U.S.S.G. § 5F1.2, home detention may be utilized as a "substitute for imprisonment" for some portion of that period.

The guideline range for a term of supervised release on Count One is one to three years. U.S.S.G. § 5D1.2(a)(2). Defendant is not eligible for probation because his guideline range falls in Zone C of the Sentencing Table. U.S.S.G. § 5B1.1 application note 2. The fine range for this offense is $5,500 to $1,000,000. U.S.S.G. § 5E1.2(c)(3,4). Costs of prosecution shall be imposed on the Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other

8

factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 26, 2015, provides a daily cost of $84.00, a monthly cost of $2,552.00, and an annual cost of $30,621.00 for imprisonment.

## **The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007)

9

(quoting 18 U.S.C. § 3553(a)), and having considered the
Guidelines and all of the factors set forth in § 3553(a), the
Court has determined that a Guidelines sentence is warranted.

Although Mr. Henriquez is charged with only one transaction
involving a small amount of heroin, the short amount of time
between the offense and the end of his term of probation,
combined with the fact that his prior drug conviction did not
deter him from re-entering the narcotics trade, indicates that
he carries a significant risk of recidivism.  It is hoped that a
term of imprisonment will impress on Henriquez the serious
consequences that will follow if he returns to selling drugs
once again.  That said, the term of imprisonment should be kept
relatively brief due to his manifest capacity to support himself
and to live a successful life outside the drug trade.   A
significant, but not overly punitive prison term, to be followed
by home detention, which in turn will be followed by supervised
release, will hopefully help Mr. Henriquez transition to freedom
and lawful employment in stages, with ample supervision by the
Probation Department.  Henriquez is therefore sentenced to a
term of 12 months imprisonment, the bottom of his guidelines

10

Case 1:14-cr-00230-RWS   Document 22   Filed 01/26/16   Page 11 of 14

range, but a period of home detention will be "substituted" for the latter six months of that term pursuant to U.S.S.G. § 5F1.2.

**The Sentence**

Henriquez shall be imprisoned for six months on Count One. The term of imprisonment will be followed by three years of supervised release, with a special condition of six months of home detention.

As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not illegally possess a controlled substance.

(3) Not possess a firearm or destructive device.

(4) Cooperate in the collection of DNA as directed by the probation officer.

(5) Refrain from any unlawful use of a controlled substance, including submitting to drug testing within fifteen days of his placement on supervised release, and two or more unscheduled drug tests thereafter, as directed by the probation officer.

The standard conditions of supervision (1-13) are

recommended with the following special conditions:

(1) Defendant shall comply with the conditions of home
detention for six months.  During this time he will
remain at his place of residence except for employment
and other activities approved by his probation
officer.  He will maintain a land-line telephone at
his place of business without call forwarding, a
modem, caller ID, call waiting, or portable cordless
telephones for the home detention period.  At the
direction of his probation officer, he shall wear an
electronic monitoring device and follow electronic
monitoring procedures specified by his probation
officer.  Home detention shall commence on a date to
be determined by the probation officer.

(2) Defendant shall submit his person, residence, place of
business, vehicle, or any other premises under his
control to a search on the basis that the probation
officer has reasonable belief that contraband or
evidence of a violation of the conditions of the
release may be found.  The search must be conducted at
a reasonable time and in a reasonable manner.  Failure
to submit to a search may be grounds for revocation.
Defendant shall inform any other residents that the
premises may be subject to search pursuant to this
condition.

(3) Defendant shall provide the probation officer with
access to any requested financial information.

(4) Defendant is to report to the nearest Probation Office
within 72 hours of release from custody.

(5) Defendant is to be supervised by the district of
residence.

12

It is further ordered that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit his interest in any property constituting proceeds from the offense to the United States. See Fed. R. Crim. P. 32.2; 18 U.S.C. § 1963(a).

Defendant shall voluntarily surrender himself prior to the beginning of his term of imprisonment.

13

It is so ordered.

New York, NY
January 25, 2016

ROBERT W. SWEET
U.S.D.J.